# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

THE NATIONAL CENTER FOR
LIFE AND LIBERTY, LLC,

    Plaintiff,

v.                                            Case No.:

DX PRINT, LLC and LEWIS COLOR
LITHOGRAPHERS, Inc.,

    Defendants.
_____/

## **COMPLAINT**

    Plaintiff, The National Center for Life and Liberty, LLC ("NCLL" or "Plaintiff"), by and through its undersigned attorneys, bring this Complaint against the Defendants, DX Print, LLC ("DX Print") and Lewis Color Lithographers, Inc. ("Lewis"), and allege as follows:

### *Parties*

    1.    NCLL is a Florida not-for-profit corporation with its principal place of business in Pinellas County, Florida.

    2.    DX Print is a Georgia corporation with its principal place of business in Bulloch County, Georgia.

    3.    Lewis is a Georgia corporation with its principal place of business in Bulloch County, Georgia.

*Jurisdiction*

4. This Court has jurisdiction over this action under 28 U.S.C. § 1332 because this civil action is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has jurisdiction over Defendants as Defendants entered into a contract in the state of Florida and breached said contract by failing to perform those requirements of the contract that were to be performed in the state of Florida. § 48.193(1)(a)(7), Florida Statutes.

*Venue*

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) as "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial district. Additionally, Defendants are subject to this Court's personal jurisdiction.

*Overview*

7. NCLL and DX Print and Lewis entered into a contract on November 1, 2019, wherein DX Print and Lewis would deliver certain goods and services to NCLL. A copy of the parties' agreement is attached hereto as **Exhibit A**.

8. Specifically, DX Print and Lewis agreed to provide two groups of mailings for NCLL to assist it in its end of the year fundraising for the calendar year 2019. A copy of the parties' agreement is attached hereto as **Exhibit B**.

9. As with most non-profits, the "holiday" season is a primary source of

gift income throughout the year and NCLL relies on the money it raises during the holiday season to fund its efforts in the coming year.

10. DX Print and Lewis were aware of these specifications and agreed to assist with these fundraising appeals.

11. DX Print and Lewis were instructed to classify the fundraising appeals between existing and potential donors.

12. DX Print and Lewis were paid to provide these separate fundraising appeals because the specific nature of the appeal would encourage the target of that appeal to donate either for the first time or by renewing a previous gift.

13. DX Print and Lewis failed to properly mail the fundraising appeals as requested.

14. DX Print and Lewis sent the fundraising appeals to the opposite groups (sending fundraising appeals designed for existing donors to prospective donors and vice versa).

15. As a result, NCLL suffered the loss of over one hundred thousand dollars of prospective donations.

16. Additionally, NCLL paid for goods and services it never received (e.g. correct fundraising appeals) and has not received a refund of funds paid.

17. Plaintiffs have retained the undersigned counsel to represent them in this action and are obligated to pay a reasonable fee for their services.

18. All conditions precedent to the maintenance of the causes of action

alleged herein, if any, have occurred, been waived, or are otherwise satisfied.

## COUNT I
### (Breach of Contract against Defendants)

19. Plaintiff incorporates by reference the allegations in paragraphs 1 to 17 above as if fully set forth herein.

20. Plaintiff and Defendants entered into certain agreements (Exhibit A and Exhibit B) for the delivery of goods and services.

21. Defendants breached the parties' agreement by failing to properly send the fundraising appeals as directed.

22. Consequently, Plaintiff suffered a loss of revenue amounting to hundreds of thousands of dollars and has yet to be refunded for the sum it paid to Defendants for goods and services not provided.

## JURY TRIAL

23. Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE Plaintiff demands judgment against Defendants:

A. An award of compensatory damages in an amount to be determined;

B. An award of damages for the costs and attorneys fees incurred in bringing this action; and

C. All other relief that is just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 7, 2021, that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF portal and will be served on the Defendant via service of process.

**WEBER, CRABB & WEIN, P.A.**

*/s/ Jeremy D. Bailie*
Jeremy D. Bailie, Esquire
FBN: 118558
Primary: jeremy.bailie@webercrabb.com
Secondary: carol.sweeney@webercrabb.com
5453 Central Avenue
St. Petersburg, Florida 33710
Phone No. (727) 828-9919
Fax No. (727) 828-9924
Attorneys for Plaintiff